**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────

**No. 11-4527**

───────────

UNITED STATES OF AMERICA,

             Plaintiff - Appellee,

     v.

CHAVIS ORLANDO WHITLEY,

             Defendant - Appellant.

───────────

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. Terrence W. Boyle, District Judge. (5:10-cr-00047-BO-1)

───────────

Submitted: November 28, 2011    Decided: December 22, 2011

───────────

Before NIEMEYER, KING, and DIAZ, Circuit Judges.

───────────

Affirmed in part, vacated in part, and remanded by unpublished per curiam opinion.

───────────

Jennifer Haynes Rose, LAW OFFICE OF JENNIFER HAYNES ROSE, Raleigh, North Carolina, for Appellant. Kristine L. Fritz, Jennifer P. May-Parker, Assistant United States Attorneys, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

───────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Chavis Orlando Whitley pleaded guilty to carrying a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1) (2006), and possession with intent to distribute more than 5 grams of cocaine base, in violation of 21 U.S.C. § 841(a)(1) (2006). In May 2011, the district court sentenced Whitley to a total of 262 months' imprisonment, after accepting the classification in Whitley's Presentence Investigation Report that Whitley was a career offender based on prior state drug convictions.

Whitley timely appealed. Whitley then filed an unopposed motion to remand this case for resentencing in accordance with the Fair Sentencing Act of 2010 and our decision in United States v. Simmons, 649 F.3d 237 (4th Cir. 2011). Whitley has withdrawn all other arguments raised on appeal. Applying our holding in Simmons, we conclude that Whitley has, at most, one prior felony conviction for a drug trafficking crime. Therefore, he does not qualify as a career offender, and should be resentenced.

Accordingly, we grant Whitley's motion, affirm his conviction, vacate his sentence, and remand the case to the district court for resentencing. We indicate no view as to whether the FSA is retroactively applicable to a defendant like

2

Whitley whose offenses were committed prior to August 3, 2010, the effective date of the FSA, but who was sentenced after that date. We leave that determination in the first instance to the district court.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid in the decisional process.

<u>AFFIRMED IN PART;</u>
<u>VACATED IN PART;</u>
<u>AND REMANDED</u>

3